# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FKS AKKAD CAPITAL GP, LLC, as the General Partner of FKS AKKAD CAPITAL, LP, and STEPHEN SHAYA,  Plaintiffs,  v.  JOHNFK MEDICAL CO., INC. a/k/a FKS MEDICAL GROUP, and FEI-KAI SYU,  Defendants. | C.A. No. 20-952-CFC |

## REPORT AND RECOMMENDATION AND ORDER

Pending before the Court is an unopposed motion for summary judgment filed by Plaintiffs FKS Akkad Capital GP, LLC ("FKS Akkad Capital GP") and Stephen Shaya. (D.I. 21.) Having reviewed the papers filed in support of the motion, I recommend that the Court deny the motion without prejudice to Plaintiffs' ability to file another motion and supporting brief that address and/or correct the deficiencies identified below.

Defendants' counsel withdrew from this matter on July 29, 2021, and Plaintiffs filed their motion for summary judgment on October 18, 2021. Defendants did not file an answering brief. On January 19, 2022, the Court ordered that "Defendants shall be given a final opportunity to respond to Plaintiffs' motion" by February 2, 2022. Defendants again failed to respond. On April 8, 2022, the Court referred the matter to me for a report and recommendation.

In the Third Circuit, a district court cannot grant an unopposed motion for summary judgment without considering whether summary judgment is appropriate. *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e)(3) (court

"may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.").

On the record before me, I cannot recommend that the Court grant the requested relief. Having carefully reviewed the motion and supporting papers, I have concerns about a number of issues, including but not limited to the following:

    a.    Plaintiffs' record support for many of their assertions of fact comes from Defendants' failure to respond to Plaintiffs' August 6, 2021 First Set of Requests for Admission. Since the record does not reflect that the parties have ever conferred as required by Federal Rule of Civil Procedure 26(f), it is unclear whether Plaintiffs' discovery requests were appropriately served. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). I am also skeptical of the propriety of granting summary judgment against an unrepresented corporate entity where the record support for the movant's assertions of fact consists of defaulted requests for admission (and Plaintiffs' briefing cites no authority suggesting that it is proper).

    b.    The evidence of record does not appear to demonstrate Plaintiff Shaya's entitlement to a judgment as a matter of law against Defendants for conversion or unjust enrichment. As the record is devoid of evidence about the circumstances surrounding Shaya's transfer of $100,000 to Defendants, the Court is unable to conclude as a matter of law that Defendants wrongfully exercised dominion over it (as required to show conversion) or retained it in the absence of a justification (as required to show unjust enrichment). Moreover, Plaintiffs' brief cites no evidence in support of the assertion that

"Dr. Shaya made the $100,000 Payment based on the Fei-Kai Representations and with the understanding that the payment was returnable on demand." (D.I. 21 at 16.)

    c.    As for the breach of contract claim, Plaintiffs contend that Defendant JohnFK Medical Co., Inc. ("FKS Medical Group") was "required under the LP agreement" to pay management fees to Plaintiff FKS Akkad Capital GP. (*See* D.I. 21 at 10 ¶ 36 (citing Plaintiffs' unanswered Requests for Admission).) To the extent that Plaintiffs rely solely on an unanswered request for admission to support that assertion, I have concerns for the reasons stated above. Plaintiffs' summary judgment briefing does not otherwise explain the basis for their theory that Defendant FKS Medical Group is required (under the partnership agreement, the Delaware Revised Uniform Limited Partnership Act, or otherwise) to pay management fees directly to FKS Akkad Capital GP as a remedy for FKS Group's failure to make a capital contribution to the partnership. Nor does the briefing adequately explain why FKS Akkad Capital GP is entitled to two years of expected management fees.

    d.    Plaintiff FKS Akkad Capital GP appears to seek *both* expectation damages ($15 million) and reliance damages ($51,228.54) on its breach of contract claim, but Plaintiffs' briefing provides no legal authority for the proposition that it may recover both types of damages.[1]

I believe that the most efficient and appropriate course of action is to deny Plaintiffs' motion without prejudice to Plaintiffs' ability to file a new motion for summary judgment that addresses

---

[1] While it might not be necessary to rule on the summary judgment motion, the Court is also curious about the circumstances that led these parties to negotiate and ink a $1 billion deal within the span of a couple months, including whether it is true (as Defendants alleged in their Answer) that Plaintiffs and their counsel drafted the deal paperwork and that Defendants were unrepresented by counsel when they signed agreements to contribute $1 billion. (*See* D.I. 14.)

the concerns and deficiencies set forth above (and/or file a motion for default judgment). Accordingly, I recommend that Plaintiffs' motion for summary judgment be DENIED without prejudice to refile.

In addition, as Defendant FKS Medical Group is a corporation and may only appear in court by representation of a licensed attorney, the Court ORDERS FKS Medical Group to obtain counsel, who must enter an appearance in this matter on or before May 17, 2022.

Plaintiffs shall serve this Report and Recommendation and Order on Defendants within seven days, in accordance with the Court's July 29, 2021 Order (D.I. 20).

Dated: April 21, 2022

_____
The Honorable Jennifer L. Hall
United States Magistrate Judge